# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADRIAN RIOS RODRIGUEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2492

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Adrian Rios Rodriguez pleaded guilty to attempted illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. At sentencing, the court applied a 16-level enhancement to the offense level, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(i) ("[i]f the defendant previously was deported, or unlawfully remained in the United States, after [ ] a conviction for a felony that is [ ] a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

drug trafficking offense for which the sentence imposed exceeded 13 months
. . . increase by 16 levels . . . . ").

In concluding Rios' prior California convictions were drug-trafficking offenses, the court relied on a state-court criminal complaint (charging Rios with transportation of a controlled substance and possession for sale of a controlled substance), and a "minute order" stating the complaint was used as the charging document. Both documents were included in an addendum to Rios' Presentence Investigation Report (PSR).

Rios did not object in district court to either: the inclusion of the complaint and minute order; or, the assessment of the 16-level enhancement. The court adopted the PSR, and sentenced Rios within the Guidelines advisory sentencing range to 41 months' imprisonment. In challenging that sentence, Rios contends the court erred in construing the state-court complaint as the charging document for his prior crimes.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). But, as Rios concedes, because he did not raise in district court the issue presented here, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Rios must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of the proceedings". *Id.*

No. 14-50321

Because Rios' California convictions (pursuant to California Health and Safety Code §§ 11352(a) and 11351) are not categorically drug-trafficking offenses for purposes of Guideline § 2L1.2, the modified categorical approach is employed to determine whether his prior convictions support the enhancement. *E.g., United States v. Gomez-Alvarez*, 781 F.3d 787, 792–94 (5th Cir. 2015). In making that determination, we, like the district court, are entitled to rely upon the charging document for Rios' state-court offenses to determine whether they constituted drug-trafficking offenses. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

Rios maintains the court erred because there was a possibility that the state-court complaint was *not* the final charging document. He asserts the Government must show a separate, superseding information was not filed, although he concedes nothing in the record indicates any such document was ever filed. Because nothing in the record affirmatively casts doubt upon, or creates ambiguity regarding, whether the state-court complaint constitutes the charging document, the district court did not commit the requisite clear-or-obvious error. *See Gomez-Alvarez*, 781 F.3d at 795–96.

AFFIRMED.